IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:12-0969 |
| vs. | ) ) | Judge Campbell |
| JIMMY L. ADAMS d/b/a J.A.M., LLC, and JIMMY ADAMS MEDIA LLC, | ) ) ) ) | |
| Defendant. | ) | Magistrate Judge Griffin |

## INITIAL CASE MANAGEMENT ORDER # 1

This Proposed Initial Case Management Order is submitted pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.01 of this District Court. The initial case management conference was held on Wednesday, December 5, 2012, before Magistrate Judge Juliet Griffin.

IT IS HEREBY ORDERED:

I. **JURISDICTION AND VENUE**

Plaintiff's position: This District Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as this is a suit for breach of a labor agreement. Venue is appropriate as the defendants reside in and maintain a principal office in Nashville, Tennessee, and the Plaintiff represents members who reside and are employed within the geographical boundaries of this District.

Defendants' position: Defendants deny this Court has subject matter jurisdiction. This is not a suit regarding "violation of contracts between an employer and a labor organization" as defined by 29 U.S.C. § 185.

## II. STATUS OF DEFENDANTS' RESPONSIVE PLEADING

Plaintiff's position: Defendant Jimmy L. Adams was served with the complaint on September 20, 2012. Defendant Jimmy Adams Media LLC was served on September 21, 2012. No answer has been filed.

Defendants' position: Defendants have moved for an extension of time to respond to the Complaint up and until December 5, 2012.

## III. PARTIES' THEORIES OF THE CASE

### A. Theory of Plaintiff

This action seeks appropriate relief for the unpaid wages, health and welfare, and pension contributions owed to musicians arising from a collective bargaining agreement entered into in July 2011. Pursuant to this contract, the Defendants employed professional recording musicians in the production of 63 episodes of an internet talk show intended to be made available to the public via on-demand streaming. No payment was made to the musicians when it was due or for approximately one year afterward. Defendants have promised to perform and have partially performed their obligation to pay the musicians as agreed, but have failed to pay the outstanding balance in full.

### B. Theory of Defendants

This case is about the Plaintiff's careless paperwork and failure to secure a written agreement for musician services for 50 out of 63 video performances. The July 25, 2011 written agreement between Jimmy Adams Media LLC ("JAM") and the Plaintiff only pertains to the

"Late Night Nashville" program, which consists of the 13 episodes. JAM has paid in full for the 13 "Late Night Nashville" episodes. Regarding the remaining 50 episodes, a dispute exists regarding amounts due and rights to exploit the episodes. Defendant JAM has paid over $50,000 to the Plaintiff for musician services fees. Plaintiff is not entitled to seek "health care and pension" money for its breach of contract action. Plaintiff does not have standing to sue on behalf of unnamed musicians.

## IV. SCHEDULE OF PRETRIAL PROCEEDINGS

### A. Trial and Pre-Trial Dates

The trial and pretrial conference will be scheduled by separately entered order.

### B. Mandatory Initial Disclosures

Initial disclosures shall be served by Janaury 4, 2013.

### C. Pleadings

Any amended pleading may be filed without leave of court by March 15, 2013.

### D. Discovery

Discovery shall not be stayed pending disposition of any motions. Discovery shall be completed by **August 30, 2013**. No discovery motion shall be filed until after the parties have conferred in good faith and, unable to resolve their differences, have jointly

signed a statement setting forth the precise nature of the issues in dispute and the reasons why they must be submitted to the Court for determination.

The Federal Rules of Civil Procedure and applicable Local Rules shall govern all other aspects of discovery. The parties agree, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Discovery of electronically stored information ("E-Discovery") shall be conducted in accordance with Administrative Order No. 174, unless and until the parties agree to a separate Stipulated Protocol for Discovery of Electronically Stored Information.

E.  **Dispositive Motions**

Dispositive motions, if any, shall be filed by **September 30, 2013**, and any response thereto shall be filed within 28 days after the filing of the motion. Any reply shall be filed within 14 days after the filing of the response.

APPROVED FOR ENTRY:

/s/ Timothy L. Warnock
Timothy L. Warnock
Howell O'Rear
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Tel: (615) 320-3700
Email: twarnock@rwjplc.com
*Attorney for Defendants*

/s/ R. Jan Jennings

R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201
Tel: (615) 254-8801
Email: jan@branstetterlaw.com

and

/s/ Jennifer P. Garner
Jennifer P. Garner, *pro hac vice*
American Federation of Musicians
1501 Broadway, Suite 600
New York, New York 10036

Tel: (917) 229-0290
Email: jgarner@afm.org

*It is so ORDERED.*

*Juliet Griffin, U.S. Magistrate Judge*